E-FILED
Thursday, 02 January, 2020 01:05:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANCISCO A. VILLALOBOS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-cv-3270 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Francisco A. Villalobos' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1). Petitioner is entitled to relief on his claim that his conviction and sentence under 18 U.S.C. § 924(c) are unconstitutional in light of the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), and the Seventh Circuit's decision in United States v. Jenkins, 849 F.3d 390, 394 (7th Cir.), reh'g denied (Apr. 20, 2017), cert. denied, 137 S. Ct. 2280 (2017), and cert. granted, judgment vacated on other grounds, 138 S. Ct. 1980 (2018). Accordingly, Petitioner's § 2255 Motion (Doc. 1) is GRANTED.

# I. BACKGROUND

In October 2006, a grand jury in the District Court for the Central District of Illinois charged Villalobos and a co-defendant, Terence Merritt, with kidnapping in violation of 18 U.S.C. § 1201 (Count One), and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). United States v. Villalobos, Central District of Illinois, Urbana Division, Case No. 06-cr-20067-1 (hereinafter Crim.), Indictment (d/e 7). Villalobos pled guilty to both counts in December 2006, without a plea agreement. At the sentencing hearing on May 2, 2007, Judge Michael P. McCuskey sentenced Villalobos to 382 months' imprisonment, consisting of 262 months' imprisonment on Count One, and 120 months' imprisonment on Count Two to be served consecutively. Crim., Judgment (d/e 24).

Villalobos appealed the judgment, but he later voluntarily dismissed his appeal. United States v. Villalobos, No. 07-2045 (7th Cir. May 22, 2007). Villalobos has not filed an initial Motion to Set Aside, Vacate, or Correct Sentence under 28 U.S.C. § 2255.

Roughly nine months after his final judgment was entered, Villalobos sought an order from the district court to order his

attorney to provide him the entire case file so that he could determine whether to file a motion under § 2255. Crim., Motion (d/e 32). The district court ordered his former defense counsel and the Government to respond, but ultimately denied the motion, finding that Villalobos had not presented sufficient reasons to justify disclosure of the full file. Crim., Order (d/e 36). Two months later Villalobos filed a motion to reconsider, which the district court also denied. Crim., Motion (d/e 38). Villalobos appealed the denial of the motion to reconsider, but the Seventh Circuit affirmed. United States v. Villalobos, 316 Fed. Appx. 516, 517 (7th Cir. 2009). Villalobos also filed a Motion seeking an order from the court to equitably toll the time to file a Motion under § 2255. Crim., Motion (d/e 42). The district court denied this motion, finding that it did not have the authority to grant the relief requested. United States v. Villalobos, No. 06-CR-20067, 2008 WL 3992690 (C.D. Ill. Aug. 20, 2008).

Villalobos filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 4, 2018, in the Eastern District of California, where he is incarcerated. See Villalobos v. Salazar, No. 18-cv-2204 (C.D. Ill.). He argued that his conviction under § 924(c)

is invalid because his underlying crime of violence—federal kidnapping—was only a crime of violence under the residual clause of § 924(c)(3)(B), which is unconstitutionally vague. The Eastern District of California, however, transferred the Petition here to the Central District of Illinois on August 3, 2018. Id., d/e 5. Notably, the Order from the Eastern District of California incorrectly stated that Villalobos had filed a previous Motion under § 2255 that had been denied by the district court and the denial had been affirmed by the Seventh Circuit. However, the records from Villalobos' criminal case show that none of his motions were or could have been classified as a motion under § 2255. Nor has the Court found any record of a § 2255 Motion filed by Villalobos in this district or elsewhere on the publically available electronic records. The Government also agrees that it does not appear that a § 2255 Motion has been previously filed. Resp. at 3, n.1 (Doc. 5).

On November 5, 2019, this Court dismissed Villalobos § 2241 Petition pursuant to § 2255(e). However, the Court granted Villalobos leave to recharacterize his filing as a Motion under § 2255 and file an amended motion, which Villalobos did. Accordingly, the Court closed his § 2241 case and opened this new

civil case pursuant to 28 U.S.C. § 2255 on November 22, 2019, and ordered the Government to respond. In its response, the Government has conceded that Villalobos' motion should be granted.

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

Here, Villalobos argues his conviction for carrying a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c) violates the Constitution because § 924(c)'s residual clause is unconstitutionally vague. In its response, the Government has chosen to waive procedural default and agrees that Villalobos is

entitled to relief on the merits.

A "crime of violence" under § 924(c) is defined as a felony offense that:

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)[ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause," and § 924(c)(3)(B) is referred to as the "residual clause." See United States v. Jenkins, 849 F.3d 390, 394 (7th Cir.), reh'g denied (Apr. 20, 2017), cert. denied, 137 S. Ct. 2280 (2017), and cert. granted, judgment vacated on other grounds, 138 S. Ct. 1980 (2018).

However, on June 24, 2019, the Supreme Court, in United States v. Davis, 139 S.Ct. 2319 (2019), held that § 924(c)'s residual clause is unconstitutionally vague. 139 S.Ct. at 2336. As the Government concedes, Davis applies retroactively on post-conviction review. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become

final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). However, new substantive rules generally apply retroactively, as well as new "'watershed rules of criminal procedure,'" which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding." See Welch v. United States, 136 S. Ct. 1257, 1264 (2016) (internal citations omitted).

Davis is undoubtedly a new rule as applied to Villalobos' case. See Teague, 489 U.S. at 301 ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.") (emphasis in original). Moreover, Davis is a substantive decision because it has "changed the substantive reach of [§ 924(c),] altering 'the range of conduct or the class of persons that the [statute] punishes.'" Welch, 136 S. Ct. at 1265 (citing Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519 (2004)). Accordingly, the Court finds that Villalobos can attack the validity of his sentence in a § 2255 motion that relies on Davis.

After Davis, a conviction under § 924(c) is only valid if the underlying offense qualifies as a crime of violence under the "force"

clause. However, in 2017, the Seventh Circuit held that federal kidnapping under 18 U.S.C. § 1201, Villalobos' underlying offense, did not qualify as a crime of violence under § 924(c)'s force clause.[1] Jenkins, 849 F.3d at 394.

In light of Davis and Jenkins, Villalobos' conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) are unconstitutional because federal kidnapping in violation of 18 U.S.C. § 1201 is not a crime of violence under § 924(c). As the Government agrees, Villalobos is entitled to relief under § 2255 and his conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) must be vacated.

### III. **CONCLUSION**

For the reasons stated above, Petitioner Francisco Antonio Villalobos' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is GRANTED. Petitioner's conviction and

---

[1] While this decision was vacated by the Supreme Court and remanded for further consideration in light of Sessions v. Dimaya, the Seventh Circuit has again entered judgment vacating Jenkins' conviction in light of Davis, and its holding that kidnapping under 18 U.S.C. § 1201(a) does not qualify as a crime of violence under § 924(c)'s force clause remains valid. See United States v. Jackson, 932 F.3d 556, 557 (7th Cir. 2019).

sentence for carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c), Count Two of the Indictment in Criminal Case No. 06-20067, shall be VACATED.

As vacating Petitioner's conviction on Count Two may impact the sentencing guidelines calculation and the appropriate sentence for Counts One, the Court finds that a complete resentencing is appropriate. See United States v. Mobley, 833 F.3d 797, 801 (7th Cir. 2016) (noting that district courts can "reconfigure the sentencing plan so as to satisfy the sentencing factors in 18 U.S.C. § 3553(a)" after a portion of a sentencing package is vacated) (internal quotation marks omitted). Accordingly, a resentencing hearing in Criminal Case No. 06-20067 is hereby set for March 13, 2020, at 2:30 pm in Courtroom I in Springfield, Illinois, before United States District Judge Sue E. Myerscough. Petitioner shall remain in the custody of the Bureau of Prisons while awaiting his resentencing hearing. This Case is CLOSED.

**ENTER: January 2, 2020**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**